PEDRO M. MÉNDEZ, ETC., ET AL., Plaintiffs and Appellees, *v.* JESÚS PÉREZ BOSQUES, FRANK JULIÁ, and SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendants and Appellant, the latter.

No. R-69-328.    Decided December 8, 1970.

*Rieckehoff, Calderón, Vargas & Arroyo* for appellant. *Cancio & Cancio* for appellees.

MR. JUSTICE RIGAU delivered the opinion of the Court.

A cart full of sugarcane hauled by a tractor fractured the foot of a minor who was carrying water for his father, who worked cutting cane on the property where the accident occurred.

The cart was going downhill; the boy was walking uphill; on both sides of the road there was a slope or high land. Upon

explaining the situation in which he found himself the minor testified that "The hill on the other side was bigger than the one where I am [*sic*]." Tr. Ev. 29. The boy settled himself on one side of the road to let the vehicle go by, but when he saw that the cart's wheel was coming toward him, he tried to get closer to the slope and when he did that he slid down and the wheel ran over his left foot.

There are two things which seem to be true: that if the boy had not slid, the wheel would not have run over his foot, and that if the boy had not moved closer to the slope, the wheel would have killed him. Let us see a fragment of his testimony:

"Q. And what happened then?

A. I moved very close to a corner when the tractor (*mosquito*) went by, because when I moved thus I slid.

Q. Where was the cart (*jaula*) going?

A. It was going to run over me.

Q. Which part of the cart (*jaula*) was going to run over you?

A. The rear wheel.

Q. And what did you do?

A. I moved very close to the corner and right there I slid and the wheel pulled me.

Q. You say that the tractor went by?

A. The tractor (*mosco*) went by and I pulled myself upwards and when the cart (*jaula*) passed by, I slid down there.

Q. That is to say, I ask you, which is wider, the tractor (*mosquito*) or the cart (*jaula*)?

A. The cart (*jaula*).

Q. The cart is wider than the tractor?

A. Yes, sir.

Q. And that hill, how is that hill?

A. It is as big as this place.

Mr. Cancio: (That is, the witness points from one side of the court to the other.)

Q. You say, when you move your hand thus, what do you mean, from what place more or less?

A. About as big as this place, from that place to this place.

Q. As long as this building?

A. Yes, sir.

Q. And that is a moderate slope, that is to say mild, regular, or very steep?

A. Steep.

Q. Tell me something, then why do you throw yourself backwards?

A. *So that the wheels don't kill me.*

Q. That is to say that if you don't throw yourself backwards. . . .

A. *The wheel kills me, it would have killed me at once."* Tr. Ev. 17–19. (Italics ours.)

From the foregoing we can see that the minor's action in trying to place himself as closely as possible to the slope in order to prevent being crushed by the cart's wheel was not an imprudent action, it was rather what almost any normal person would have done.

Defendant-appellant himself admitted that on the opposite side of the road from where the minor was there was a space of about three feet between the vehicle and the other slope. Tr. Ev. 33. It was, then, possible, for the driver of the vehicle, which went slowly downward, to direct the same towards that other side to move it away a little from the boy who was trapped on the hill between the vehicle and the slope.

Under these circumstances we believe that the fault may be fairly attributed in a proportion of two-thirds to defendants and one-third to plaintiff. The trial court attributed all the fault to defendants and ordered them to pay the following sums: $6,000 to the prejudiced party for physical and mental sufferings (the fractures of the foot healed and the minor walks without difficulty, but he cannot run); $1,000 to each one of the parents for mental sufferings; $500 for attorney's fees, plus the costs and interest at an annual rate of six percent over the amounts awarded for damages as of January 3, 1969, until the date when said payments are made.

In view of our foregoing consideration, the judgment rendered in this case by the Superior Court, Aguadilla Part, on November 17, 1969, will be modified in the sense that the amount awarded to the prejudiced party, Pedro L. Méndez Pérez be cut down to $4,000; the amount awarded to coplaintiff Agustín Méndez Pérez, father of the minor, be cut down to $666.66; and the sum to be paid to coplaintiff Ricarda Pérez Pérez, mother of the minor, be cut down to $666.66. The other particulars of the judgment will not be altered, and thus modified it will be affirmed.

Mr. Chief Justice Negrón Fernández, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra did not participate herein. Mr. Justice Pérez Pimentel dissented.